UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BOB TUCKER,<br><br>               Plaintiff,<br><br>   v.<br><br>BMW OF NORTH AMERICA LLC,<br><br>               Defendant. | CASE NO. C20-5050 BHS<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND DENYING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant BMW of North America, LLC's ("BMW NA") request for judicial notice, Dkt. 18, and motion to dismiss, Dkt. 19. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the request for judicial notice and denies the motion to dismiss for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 22, 2013, Plaintiff Bob Tucker ("Tucker") purchased a used 2011 BMW 750i ("the Vehicle") from BMW Northwest in Fife, Washington. Dkt. 13, ¶ 15. Tucker alleges within the first year of purchase he noticed that the Vehicle consumed excessive amounts of engine oil, which required him to add one quart of oil approximately every

ORDER - 1

3,000 miles, well before BMW NA's recommended oil change intervals. *Id.* ¶ 17. Tucker complained to BMW Northwest about this excessive engine oil consumption, and Tucker alleges that BMW Northwest told him that the consumption was normal and did not warrant repair. *Id.* ¶¶ 17–19.

Tucker alleges that the cause of the Vehicle's excessive engine oil consumption was a defective "N63" engine, which BMW NA concealed. *Id.* ¶¶ 2–5. He further alleges that BMW NA knew about the defect as early as 2008, *id.* ¶ 70, but failed to properly address or fix the issue. He states that BMW NA issued Technical Service Bulletins to its dealerships concerning the problem, *id.* ¶¶ 53–54, but rather than addressing the underlying defect, Tucker alleges that BMW NA recommended that service technicians add more engine oil in response to customer complaints, *id.* ¶ 56. Tucker contends that BMW NA's concealed the N63 defect, refused to cure, and instead claimed that his engine was normal and such oil consumption did not warrant repair. *Id.* ¶ 19.

The Vehicle is allegedly covered by two written warranties: the New Vehicle Limited Warranty and the Certified Pre-Owned Limited Warranty ("CPO Limited Warranty"). *Id.* ¶ 24. The New Vehicle Limited Warranty provides an express warranty for four years or 50,000 miles, whichever occurs first. *Id.* ¶ 26. BMW NA asserts that the New Vehicle Limited Warranty's coverage begins on the date of first retail sale. Dkt. 19 at 9. Tucker alleges that the CPO Limited Warranty provides an express warranty for the first six years or 100,000 miles following the original vehicle delivery to consumer, whichever occurs first. Dkt. 13 ¶ 27. BMW NA, on the other hand, states that the CPO Limited Warranty becomes effective upon the expiration of the New Vehicle Limited

Warranty and ends after two years or 50,000 miles later, whichever occurs first. Dkt. 19 at 10.

On June 8, 2020, Tucker filed an amended complaint, alleging breach of implied and express warranties, violations of the Magnuson-Moss Warranty Act, violation of the Washington Consumer Protection Act, and fraudulent concealment. Dkt. 13. On July 7, 2020, BMW NA filed a request for judicial notice, Dkt. 18, and a motion to dismiss, Dkt. 19. On July 31, 2020, Tucker responded. Dkt. 22. On August 7, 2020, BWM NA replied. Dkt. 23.

## II.  DISCUSSION

**A.     Request for Judicial Notice**

As a preliminary matter, BMW NA requests that this Court take judicial notice of three documents in support of its motion to dismiss. Dkt. 18. As a general rule, a court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (internal citation and quotation marks omitted). But a court may consider unattached evidence on which the complaint "necessarily relies" if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* at 999 (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. Cty. of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). And pursuant to Federal Rule of Evidence 201, a court may judicially note a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2)

1      BMW NA requests that the Court take judicial notice of three documents: the New
2 Vehicle Limited Warranty, the Warranty Vehicle Inquiry, and the CPO Limited
3 Warranty. Here, Tucker has not attached any document to his complaint, but BMW NA
4 argues that the Court should take judicial notice of or consider the requested documents.
5 BMW NA argues that Tucker's complaint explicitly references the New Vehicle Limited
6 Warranty and the CPO Limited Warranty and that the two warranties cannot be subject to
7 reasonable dispute. Dkt. 18 at 4. Tucker does not dispute BMW NA's request for the
8 Court to take judicial notice of the two warranties or the authenticity of the documents.
9 The Court therefore grants BMW NA's request to take judicial notice of the New
10 Warranty Vehicle Limited Warranty and the CPO Limited Warranty.
11     However, Tucker disputes the need to take judicial notice of the Warranty Vehicle
12 Inquiry record. Dkt. 22 at 9 n.3. Tucker asserts that his Amended Complaint does not rely
13 on the Warranty Vehicle Inquiry to plead his claims, but he does not dispute the
14 authenticity of the document. *Id.* BMW NA argues that because Tucker referenced the
15 date on which he purchased the used Vehicle and the Vehicle's model year, this Court
16 should take judicial notice of the Warranty Vehicle Inquiry. BMW NA further argues that
17 the Warranty Vehicle Inquiry shows the first date of sale to a consumer and that Tucker is
18 deliberately omitting the first date of sale. Dkt. 18 at 4–5; Dkt. 23 at 5. It is the Ninth
19 Circuit's policy to prevent plaintiffs from surviving a 12(b)(6) motion by deliberately
20 omitting references to documents upon which their claims are based. *Parrino v. FHP,*
21 *Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). Therefore, because Tucker does not dispute the
22 authenticity of the Warranty Vehicle Inquiry and the date of original sale does not appear

to be in reasonable dispute, the Court grants BMW's NA request to take judicial notice of the Warranty Vehicle Inquiry. Furthermore, under the incorporation by reference doctrine, the Court may consider the contents of the three documents that it has taken judicial notice of. *Corinthian Colleges*, 655 F.3d at 999.

**B.     Motion to Dismiss**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 if either party to the motion to dismiss submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials. Fed.R.Civ.P. 12(b)(6); *Jackson v. Southern California Gas Co.*, 881 F.2d 638, 643 n.4 (9th Cir.1989) ("The proper inquiry is whether the court relied on the extraneous matter.").

### 1. Fraudulent Concealment

BMW NA moves to dismiss Tucker's fraudulent concealment claim, arguing that the Western District of Washington does not recognize a stand-alone cause of action for fraudulent concealment and that Tucker does not meet the Rule 9 pleading standard. However, BMW NA misreads this District's holdings; this District has limited fraudulent concealment to a defense, and not an independent cause of action, only when the claim has been improperly pled. *J.C. v. Society of Jesus*, 457 F. Supp. 2d 1201, 1203 (W.D. Wash. 2006) (finding that the plaintiff's cause of action for fraudulent concealment was a mislabeled argument because plaintiff argued fraudulent concealment as a defense). This District has in fact found fraudulent concealment to be its own cause of action. *See, e.g.*, *Moodie v. Remington Arms Co., LLC*, No. C13-0172-JCC, 2013 WL 12191352, at *3–4 (W.D. Wash. Aug. 2, 2013). Moreover, Washington state courts have held that fraudulent concealment is "a species of fraud." *Liebergesell v. Evans*, 93 Wn.2d 881, 893 (1980). "To establish fraudulent concealment, the plaintiff may either affirmatively plead and prove the nine elements of fraud or simply show that the defendant breached an affirmative duty to disclose a material fact." *Schreiner Farms, Inc. v. Am. Tower Inc.*, 173 Wn. App. 154, 163 (2013) (internal citation and quotations omitted). The Court therefore finds that fraudulent concealment may be both a defense to statute of limitations and an individual cause of action.

Here, Tucker has alleged that BMW NA had an affirmative duty to disclose material facts about the N63 engine defect. Dkt. 13, ¶ 146 ("Defendant had a duty to disclose such engine defect . . . ."). "In alleging fraud or mistake, a party must state with

1  particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

2  Allegations of fraud must "be specific enough to give defendants notice of the particular

3  misconduct" and must include "the who, what, when, where, and how of the misconduct

4  charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation

5  marks and indications of alteration omitted); *see also Cafasso v. Gen Dynamics C4 Sys.,*

6  *Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

7  Tucker has alleged that BMW NA had an affirmative duty to disclose the engine

8  defect because it had exclusive or superior knowledge of the defect and made incomplete

9  representations about the safety and reliability of the Vehicle. Dkt. 13, ¶ 146. He further

10 alleges that that the omitted and concealed facts about the N63 engine were material

11 because "they would typically be relied on by a person purchasing, leasing or retaining a

12 new or used motor vehicle, and because they directly impact the value of the Vehicle

13 purchased." *Id.* ¶ 147. Tucker additionally has pled the "who, what, when, where, and

14 how" of BMW NA's misconduct. He alleges that BMW NA knew of concealed defects

15 related to the N63 engine since mid-2008, *id.* ¶¶144–45, and that BMW NA instructed its

16 dealerships like BMW Northwest to tell customers like Tucker that the oil consumption

17 was normal and the engine did not warrant repair, *id.* ¶ 19, 53–59. These allegations are

18 specific to put BMW NA on notice of the particular misconduct alleged. Therefore, the

19 Court finds that Tucker has alleged specific, sufficient facts to state a fraudulent

20 concealment claim.

## 2. Statute of Limitations

BMW NA additionally moves to dismiss Tucker's claims under the applicable statutes of limitations. Tucker brings claims for breach of warranty and breach of implied warranty of merchantability pursuant to the Magnuson-Moss Warranty Act ("MMWA"), breach of express warranties pursuant to Washington's Uniform Commercial Code ("UCC"), violation of Washington's Consumer Protection Act ("CPA"), and for fraudulent concealment. Dkt. 13, ¶¶97–155. Tucker's CPA claim is subject to a four-year statute of limitations. RCW 19.86.120. A fraud claim in Washington must be brought within three years. RCW 4.16.080(4). The MMWA does not contain a statute of limitations; therefore, courts look to the most closely analogous state statute to determine the appropriate statute of limitations to apply to Tucker's MMWA claim. *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1140 (9th Cir. 2000). "[T]he disposition of the state law warranty claims determines the disposition of the Magnuson-Moss Act claims." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008); *see also Walsh v. Microsoft Corp.*, 63 F. Supp. 3d 1312, 1324 (W.D. Wash. 2014). In this case, Tucker's MMWA and UCC breach claims are governed by a four-year statute of limitations. RCW 62A.2-725(1).

BMW NA argues that Tucker's MMWA claims and his UCC claim are time barred by the express written warranty found in the New Vehicle Limited Warranty or in the alternative by the terms of Washington's UCC statute. Under the MMWA, implied warranties may be limited to the duration of the written warranty. 15 U.S.C. §§ 2304(a)(2), 2308(b). Additionally, the UCC statute of limitation mandates that an action

for breach of contract must be commenced within four years after the cause has accrued. RCW 62A.2-725(1). A warranty action "accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made." RCW 62A.2-725(2). BMW NA argues that the express and implied warranties are limited by the terms of the New Vehicle Limited Warranty. BMW NA asserts that, because the Vehicle was placed into service on October 25, 2011, *see* Dkt. 18 at 13, the warranties on the Vehicle expired on October 25, 2015—four years after the Vehicle was placed into service.

      BMW NA further contends that Tucker's CPA and fraudulent concealment claims are time barred. A claim accrues and the statute of limitations begin to run "when a party has the right to apply to a court for relief." *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 185 Wn.2d 566, 575 (2006). "[T]he cause of action accrues when the plaintiff discovers, or in the reasonable exercise of diligence should discover, the elements of the cause of action." *Id.* at 575–76 (citing *Green v. A.P.C.*, 136 Wn.2d 87, 95 (1998)). Therefore, the action accrues when the plaintiff discovers the "salient facts" underlying the cause of action. *Id.* at 576. Here, BMW NA argues that Tucker's CPA and fraudulent concealment claim has accrued because he noticed within the first year of purchasing the Vehicle that it consumed an excessive amount of oil. *See* Dkt. 19 at 17. Therefore, BMW argues, Tucker knew or should have known within the first year of his purchase that he had the right to apply to a court for a relief. By that logic, Tucker's CPA and fraudulent concealment claim accrued no later than June 2014. BMW NA therefore asserts that the

CPA's four year statute of limitations and fraudulent concealment's three year statute of limitations have run and Tucker's claims are time barred.

Tucker, on the other hand, argues that his claims have not accrued and that all of his claims are timely due to BMW NA's fraudulent concealment of the defect. First, Tucker argues that his claims accrued "no later than June 2014" because he did not and could not have known the Vehicle's consumption of oil was due to a defect. Dkt. 22 at 10. Rather, Tucker asserts that the excessive oil consumption was a symptom of the defective N63 engine and that, because BMW NA misrepresented the severity of the Vehicle's oil consumption, he could not have known that the Vehicle's engine was actually defective. Therefore, Tucker argues he did not know that he had a right to apply to a court for relief and his claims have not accrued.

Additionally, Tucker argues that he has properly pled fraudulent concealment as a defense and that it is therefore improper to dismiss his claims as untimely. The fraudulent concealment of a cause of action tolls the statute of limitations. *Giraud v. Quincy Farm & Chem.*, 102 Wn. App. 443, 452 (2000) (internal citation omitted). To establish fraudulent concealment, a plaintiff must show that they were ignorant of the defect and that the defendant engaged in some affirmative conduct designed to prevent the plaintiff from becoming aware of the defect. *Id.* (citing *Klehr v. A.O. Smith Corp.*, 87 F.3d 231, 237 (8th Cir. 1996), *aff'd* 521 U.S. 179 (1997); *Crisman v. Crisman,* 85 Wn. App. 15, 20–23 (1997)). Where, as here, there is not a special relationship between the parties, the affirmative act of concealment requires "actual subjective knowledge by the defendants of the wrong done, i.e., scienter, and some affirmative action on his part in concealing the

wrong." *Id.* (citing *Taylor v Wilmington Med. Ctr., Inc.*, 538 F. Supp. 339, 342 (D. Del. 1982)). Here, Tucker has alleged that BMW NA wrongfully failed to disclose the N63 defect and attempted to deceive Tucker. Dkt. 13 ¶¶ 2–5, 18–19, 78–89. Tucker pled that BMW NA was aware that "the N63 engine had one or more defects that causes the Vehicle to be unable to properly utilize the engine oil and, in fact, to improperly burn off and/or consume abnormally high amounts of oil" as early as 2008. *Id.*, ¶¶ 5, 127–28. Tucker additionally alleges that BMW NA took active steps to deceive him by concealing the defect when BMW NA instructed dealers to overfill engines with oil, *id.*, ¶ 56, and when BMW NA reduced oil change intervals, *id.*, ¶ 64. Therefore, because of this affirmative concealment of the N63 defect, Tucker alleges that he was unable to discover the facts forming the basis for the causes of action. He further asserts that he was diligent in attempting to uncover the issues with the Vehicle but was unable to understand the full breadth of issues because BMW NA fraudulently concealed the real defect. Dkt. 22 at 13.

The Court finds that Tucker has adequately pled fraudulent concealment as a defense, which if proven could warrant the tolling of the statute of limitations for his remaining claims.[1] He has alleged plausible facts that he was ignorant of the true defect of the N63 engine and that BMW NA took affirmative action to conceal the defect. Additionally, there are plausible facts that Tucker's CPA and fraudulent concealment claims did not accrue due to BMW NA's alleged fraudulent concealment. Because of the

---

[1] Because the Court does not rely on the materials outside the pleadings it has taken judicial notice of to determine whether Tucker has adequately pled fraudulent concealment, the Court will not treat BMW NA's motion as a summary judgment motion.

ORDER - 11

alleged fraudulent concealment, Tucker was unaware that he had a right to request relief in court, and thus his CPA and fraudulent concealment claims did not accrue and are not barred by the statute of limitations. The Court moreover agrees with Tucker that *Yi v. BMW of North America*, 805 Fed. App'x 459 (9th Cir. 2020), is inapplicable at this stage. In *Yi*, the District Court granted the defendant's summary judgment motion on statute of limitations, but the District Court made this ruling based on evidence, not the pleadings or allegations. Taking the factual allegations in the amended complaint as true, as the Court must when ruling on a motion to dismiss, Tucker has established at this stage that his claims' statutes of limitations are subject to tolling.[2]

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendant's request for judicial notice, Dkt. 18, is **GRANTED** and that Defendant's motion to dismiss, Dkt. 19, is **DENIED**.

Dated this 24th day of September, 2020.

BENJAMIN H. SETTLE
United States District Judge

---

[2] Because the Court finds that Tucker has alleged sufficient facts to establish tolling under a fraudulent concealment doctrine, the Court does not address his arguments that his claims are entitled to tolling under an equitable tolling or class action tolling theory.