UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BOB TUCKER,<br><br>   Plaintiff,<br><br>   v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>   Defendant. | CASE NO. C20-5050 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS |

This matter comes before the Court on Plaintiff Bob Tucker's motion for contempt and sanctions. Dkt. 86.

Plaintiff moves for sanctions against Defendant BMW of North America, LLC pursuant to Federal Rule of Civil Procedure 37(b), arguing that Defendant is in contempt of the Court's November 1, 2021 discovery order, Dkt. 67. On November 1, 2021, the Court held a telephonic hearing on Defendant's motion to compel discovery, Dkt. 56, and Plaintiff's motion to compel production of documents, Dkt. 54. Dkt. 67. The Court ordered, among other things, Defendant to produce certain emails relating to valve stem seals in N63 engines and limited the email search to vehicles with N63 engines of the same make, model, and year as the Plaintiff's vehicle. *See* Dkt. 70 at 12.

ORDER - 1

1    On November 22, 2021, Plaintiff filed a motion to extend the discovery deadline,
2 asserting that Defendant had not yet produced the emails and that Defendant had asked
3 until December 19, 2021 to produce the requested email records. Dkt. 71. Defendant
4 responded that it used the search term to which Plaintiff had agreed and that no
5 responsive emails or attachments were found. Dkt. 75 at 6. Plaintiff replied stating that
6 Defendant had only searched four email accounts, limited to January 2012 through
7 December 2013. Dkt. 79 at 4–5.

8    On December 17, 2021, Plaintiff filed a second motion to extend the discovery
9 deadline, arguing that Defendant failed to comply with the Court's November 1 Order by
10 failing to produce email records. Dkt. 84. Defendant responded that it did comply with
11 the Court's ruling by "conducting a search of email messages using the keywords and
12 parameters to which plaintiff's attorneys had agreed in other lawsuits." Dkt. 87 at 3. On
13 December 23, 2021, Plaintiff filed the instant motion for contempt and sanctions pursuant
14 to Rule 37(b), requesting that the Court sanction Defendant by striking its affirmative
15 defenses on the statute of limitations and ordering it to pay Plaintiff's reasonable
16 attorneys' fees and costs expended in bringing the motions to compel. Dkt. 86.

17    On January 5, 2022, the Court granted Plaintiff's motions for extension of time,
18 affirming that the Court's November 1 discovery order did not limit email searches to
19 four employees or a time frame. Dkt 93. The Court thus ordered Defendant to search for
20 and produce the relevant documents as dictated in the Court's November 1 discovery
21 order. *Id.*

22

1       Rule 37(b) allows for sanctions for not obeying a discovery order. Fed. R. Civ. P. 37(b)(2). It is well established in the Ninth Circuit that this rule "provides a wide range of sanctions for a party's failure to comply with court discovery orders." *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980). While Defendant did engage in some discovery, it unilaterally narrowed the scope of discovery and the Court's order. Defendant failed to comply with the Court's November 1 order, which has resulted in Plaintiff having to move to extend the time to complete discovery twice, Dkts. 71, 84, the instant motion for sanctions, Dkt. 86, and a stipulated extension of the trial date, Dkt. 94. Sanctions are therefore warranted, though not to the extent of Plaintiff's request.

      Defendant is hereby **ORDERED** to pay the fees and costs Plaintiff's counsel incurred in bringing the motions for extension of time and this motion for contempt and sanctions. If necessary, Plaintiff shall submit a motion for such fees within 14 days of this order. Alternatively, and preferably, the parties shall notify the Court that the sanction has been paid.

      Dated this 7th day of February, 2022.

BENJAMIN H. SETTLE
United States District Judge